STEAGALL, Justice.
Main Street South, Ltd. (hereinafter “Main Street”), an Alabama limited partnership, and its general partner, Jerome Averbuch, individually and doing business as Averbuch Enterprises, seek relief from the denial of their motion to enjoin the arbitration proceedings demanded by Universal Construction Company, Inc. (hereinafter “Universal”).[1]
On August 19,1988, Main Street, as owner, contracted with Universal, as general contractor, to build an all-suite hotel in Huntsville.[2] The contract provided:
“Claims, disputes, and other matters in question between the Contractor and the Owner relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision, which he will render in writing within a reasonable time.”
The contract also provided:
“Any claim, dispute, or other matter in question between the Contractor and the Owner referred to the Architect ... shall be subject to arbitration upon the written demand of either party. However, no demand for arbitration of any such claim, dispute, or other matter may be made until the earlier of (1) the date on which the Architect has rendered a written decision, or (2) the tenth day after the parties have presented their evidence to the Architect or have been given a reasonable opportunity to do so, if the Architect has not rendered his written decision by that date.”
A dispute arose between Main Street and Universal over payments that were allegedly due Universal for certain work it had done and, on July 9, 1990, Universal filed a demand for arbitration with the American Arbitration Association. Universal then sued Main Street, Averbuch (both individually and doing business as Averbuch Enterprises), and Third National Bank of Nashville, Tennessee, the mortgagee of the subject real estate. In its complaint, Universal sought to enforce the mechanic’s lien it had on the property as well as a judgment it had received in the amount of $1,045,220 for work and labor done. In addition, Universal alleged that Main Street had breached the contract with it and asked for a stay of its action against Main Street pending arbitration.
On August 14, 1990, the defendants moved for a preliminary injunction as well as for a temporary restraining order to prohibit submission of Universal’s claim to an arbitration panel. The trial court denied the defendants’ motions, but granted Universal’s request for a stay of the judicial proceedings. The defendants subsequently appealed from the denial of their motions.[3] We have treated their appeal as a petition for a writ of mandamus ordering the trial court to set aside its order denying their motions and to grant those motions.
The defendants’ sole argument is that Universal failed to satisfy the condi *1291 tion precedent to arbitration because it did not submit its claim to the architect. The record does not bear out that argument. Charles N. Codding, operations manager of Universal, stated in his affidavit supporting Universal’s motion to stay the judicial proceedings that the claim was submitted to the architect as required by the contract and that the architect responded 12 days later by declining to render a decision. The defendants did not contradict those contentions below by way of a counter-affidavit or otherwise.
The one case the defendants cite in support of their argument, Board of Educ., Longwood Cent School Dist. v. Hatzel & Buehler, Inc., 156 A.D.2d 684, 549 N.Y. S.2d 447 (1989), appeal denied, 76 N.Y.2d 703, 559 N.Y.S.2d 982, 559 N.E.2d 676 (1990), is factually distinguishable. In that case, the contract between the owner and the contractor contained a provision identical to the one here regarding submission of a claim to the architect before arbitration would be available. In affirming the lower court’s stay of arbitration, the New York appellate court observed that there was no evidence in the record that the contractor ever submitted the claim to the architect.
The standard for reviewing the granting of a motion to stay arbitration is whether the trial court clearly abused its discretion. Ex parte Alexander, 558 So.2d 364 (Ala. 1990). Because the only evidence before the trial court was the affidavit of Codding, who stated that the claim was submitted to the architect and that the architect declined to consider it, we hold that the trial court did not abuse its discretion.
WRIT DENIED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

.Although Main Street and Averbuch filed a notice of appeal, this Court has treated it as a petition for writ of mandamus, because that is the proper means for reviewing the granting of a stay pending arbitration or the granting of a motion to compel arbitration. See Ex parte Alexander, 558 So.2d 364 (Ala.1990).

. The hotel was originally to be called the "Park South Courtyard Inn” and was referred to as such in the contract; however, it is now a Radis-son Suite hotel.

. The trial court granted the defendants’ motion to stay arbitration pending their appeal.