Junius Long filed the present lawsuit against the Industrial Development Board of the Town of Vincent and H.L. Fuller Construction Company, Inc. (hereinafter "Fuller"), for the enforcement of a lien. In November 1989, the trial court granted Fuller's motion to compel arbitration and for a stay of the proceedings, pursuant to an arbitration agreement between the parties. The case was removed from the active docket and placed on the administrative docket. Long did not take the necessary steps to comply with the order to arbitrate the dispute, and in May 1992, Fuller filed a motion with the trial court to enforce its November 1989 order compelling *Page 1388 
arbitration. In July 1992, the trial court granted Fuller's motion. Long filed a notice of appeal with this Court, contending that the July 1992 order compelling arbitration was in error. He argues in his brief that this appeal was taken pursuant to 9 U.S.C. § 16.
In cases where the Federal Arbitration Act is applicable,9 U.S.C. § 16 allows an appeal from a denial of a motion to compel arbitration. A.G. Edwards Sons, Inc. v. Clark,558 So.2d 358 (Ala. 1990). However, it does not allow an appeal from a grant of a motion to compel arbitration. A.G. Edwards.
Rather, a petition for a writ of mandamus is the proper means to test a trial court's granting of a motion to arbitrate or the granting of a stay pending arbitration. Jones v. MerrillLynch, Pierce, Fenner Smith, Inc., 604 So.2d 332 (Ala. 1991);Ex parte Alexander, 558 So.2d 364 (Ala. 1990).
The trial court granted Fuller's motion to compel arbitration in November 1989. The proper method of review of that decision would have been a petition for a writ of mandamus. Long had a remedy but failed to seek it; this appeal is due to be dismissed.
APPEAL DISMISSED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.