The defendant, Companion Life Insurance Company ("Companion"), appeals from the trial court's order denying its motion to compel the plaintiff, Whitesell Manufacturing, Inc. ("Whitesell"), to submit its various state law claims (including claims based on allegations of fraud, negligence, wantonness, breach of contract, and bad faith failure to pay an insurance claim) to arbitration.[1] We affirm.
Whitesell's claims arose out of Companion's alleged wrongful refusal to pay under an "excess loss" insurance policy that Whitesell had purchased. Under that policy, which contained an arbitration clause, Companion had agreed to reimburse Whitesell for expenses Whitesell incurred under its self-insured employee health care plan in excess of specified amounts. Whitesell filed its complaint on October 4, 1994. On October 27, 1994, Companion removed the case to the United States District Court for the Northern District of Alabama, Northwestern Division, and filed an answer asserting that Whitesell's state law claims were preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). On November 7, 1994, Whitesell moved to remand the case to the Colbert County Circuit Court. The parties' attorneys met on November 15, 1994, pursuant to Rule 26(f), Fed.R.Civ.P., to formulate a comprehensive discovery plan to govern the litigation in the district court. At this meeting, Companion agreed to a scheduling plan for the district court to adopt. The agreement signed by Companion's attorney stated: "The case should be ready for trial by [September 15, 1995,] and at this time trial is expected to take approximately 3-4 days." On December 1, 1994, Whitesell submitted a brief to the district court in support of its motion to remand. On February 15, 1995, the district court remanded the case to the circuit court, holding that Whitesell's state law claims were not governed by ERISA. On March 6, 1995, Companion filed an amended answer, asserting for the first time that Whitesell's claims were subject to arbitration. Whitesell moved to strike the amended answer on the ground that Companion had waived its right to arbitration by initially attempting to dispose of its claims in *Page 899 
the federal district court under ERISA. Companion later filed a motion to compel arbitration and to stay the circuit court proceedings. The trial court denied Companion's motion, ruling that Companion had substantially invoked the litigation process, to the prejudice of Whitesell, and, therefore, that it had waived its contractual right to arbitration.
This Court has never clearly articulated the standard by which an order denying a motion to compel arbitration on the ground of waiver should be reviewed. However, in Ex parteMcKinney, 515 So.2d 693 (Ala. 1987), this Court applied an abuse-of-discretion standard in reviewing the trial court's granting of a motion to compel arbitration over an objection that the moving party had waived its right to arbitrate. Logically, that same standard should be applied in reviewing the trial court's order in this case. See, also, Ex parte MainStreet South, Ltd., 577 So.2d 1289, 1291 (Ala. 1991); Ex parteAlexander, 558 So.2d 364, 365 (Ala. 1990) (applying an abuse-of-discretion standard in reviewing the granting of a motion to compel arbitration).
The sole issue presented is whether the trial court abused its discretion in denying Companion's motion to compel arbitration.
It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case. See Huntsville Golf Development, Inc. v.Aetna Casualty Surety Co., 632 So.2d 459 (Ala. 1994); Exparte McKinney, 515 So.2d 693 n. 2 (Ala. 1987); Ex parteMerrill Lynch, Pierce, Fenner Smith, Inc., 494 So.2d 1 (Ala. 1986); Ex parte Costa Head (Atrium), Ltd, 486 So.2d 1272
(Ala. 1986), overruled on other grounds, Ex parte Jones,628 So.2d 316 (Ala. 1993). In accord, see S H Contractors, Inc.v. A.J. Taft Coal Co., 906 F.2d 1507 (11th Cir. 1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991).
After carefully considering the record and the well-written briefs, we conclude that the trial court did not abuse its discretion in denying Companion's motion to compel arbitration. We agree with the trial court's conclusion that Companion's response to Whitesell's complaint was inconsistent with any desire that it may have had to resolve the case by arbitration. Companion's removal of the case to the federal court, its attempt to have Whitesell's claims disposed of under ERISA in that judicial forum, and its invocation of the arbitration clause approximately five months after the filing of Whitesell's complaint and only after an adverse ruling in the federal district court, certainly indicate an intention on Companion's part, at least initially, to forfeit its right of arbitration in favor of a judicial resolution. Furthermore, we agree with the trial court's conclusion that Whitesell would be substantially prejudiced if Companion were allowed to invoke the arbitration clause. Whitesell's attorney submitted an affidavit stating that his firm had "rendered a total of 33.4 hours of professional services [to Whitesell] resulting in fees of approximately $4,175.00 . . . to secure the remand of [the] action to the proper judicial forum." We are not persuaded by Companion's contention that Whitesell would have incurred these same expenses if Companion had insisted on arbitration at the outset of the action. Although the applicability of ERISA may also have been an issue during arbitration, as Companion insists, Whitesell would have been spared the expense and delay necessarily involved in contesting Companion's attempt to litigate the case in the federal court if Companion had invoked the arbitration clause earlier.
We reiterate that whether there has been a waiver of a right to arbitration must be decided on a case-by-case basis. We further *Page 900 
note that our holding in this case is not inconsistent with our previous cases in which we have found no waiver of the right to arbitrate. See Ex parte McKinney, supra; Ex parte MerrillLynch, Pierce, Fenner Smith, Inc.; and Ex parte Costa Head(Atrium), Ltd., supra. Suffice it to say that the particular facts of those cases presented extenuating circumstances indicating that the right to seek arbitration had not been waived (i.e., that the moving parties had a reasonable basis for not seeking to arbitrate sooner than they did). In this respect, we find the following statement from Cabinetree ofWisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388,390-91 (7th Cir. 1995), persuasive:
 "An arbitration clause gives either party the choice of an alternative, nonjudicial forum in which to seek a resolution of a dispute arising out of the contract. But the intention behind such clauses, and the reason for judicial enforcement of them, are not to allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums. Cabinetree, which initiated this litigation, could, instead of filing suit in a Wisconsin state court, have demanded arbitration under the contract. It did not, thus signifying its election not to submit its dispute with Kraftmaid to arbitration. Kraftmaid if it wanted arbitration could have moved for a stay of Cabinetree's suit in the Wisconsin state court. It did not. Instead it removed the case to federal district court. By doing so without at the same time asking the district court for an order to arbitrate, it manifested an intention to resolve the dispute through the processes of the federal court. To resolve the dispute thus is not to resolve it through the processes of the American Arbitration Association.
 "We have said that invoking judicial process is presumptive waiver. For it is easy to imagine situations — they have arisen in previous cases — in which such invocation does not signify an intention to proceed in a court to the exclusion of arbitration. Miller v. Drexel Burnham Lambert, Inc., 791 F.2d 850, 854 (11th Cir. 1986) (per curiam); Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 641-42 (7th Cir. 1981). There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run. Some issues might be arbitrable, and others not. The shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed. We need not try to be exhaustive. It is enough to hold that while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded. Envirex, Inc. v. K.H. Schussler für Umwelttechnik GmbH, 832 F. Supp. 1293, 1296 (E.D.Wis. 1993); see also Gilmore v. Shearson/American Express, Inc., 811 F.2d 108, 113
(2d Cir. 1987). In such a case prejudice to the other party, the party resisting arbitration, should weigh heavily in the decision whether to send the case to arbitration, as should the diligence or lack thereof of the party seeking arbitration — did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?
". . . .
 ". . . [W]e think the judge was right to find a waiver. The presumption that an election to proceed judicially constitutes a waiver of the right to arbitrate has not been rebutted. There is no plausible interpretation of the reason for the delay except that Kraftmaid initially decided to litigate its dispute with Cabinetree in the federal district court, and that later, for reasons unknown and with no shadow of justification, Kraftmaid changed its mind and decided it would be better off in arbitration. Neither in its briefs nor at oral argument did Kraftmaid give any reason for its delay in filing the stay besides needing time 'to weigh its options.' That is the worst possible reason for delay. It amounts to saying that Kraftmaid wanted to see how the case was going in federal *Page 901 
district court before deciding whether it would be better off there or in arbitration. It wanted to play heads I win, tails you lose.
 "Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution. This policy is reflected not only in the thirty-day deadline for removing a suit from state to federal court but also in the provision waiving objections to venue if not raised at the earliest opportunity. Fed.R.Civ.P. 12(h)(1). Parties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election — against arbitration. Except in extraordinary circumstances not here presented, they should be bound by their election."
(Emphasis in original.)
For the foregoing reasons, the trial court's order denying Companion's motion to compel arbitration and to stay the proceedings in the circuit court is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, INGRAM, and BUTTS, JJ., concur.
[1] See Long v. Industrial Development Board of the Town ofVincent, 619 So.2d 1387 (Ala. 1993); A.G. Edwards Sons, Inc.v. Clark, 558 So.2d 358 (Ala. 1990) (an appeal is the proper procedure by which to challenge an interlocutory order denying a motion to compel arbitration).