INGRAM, Justice.
Ian D. Prendergast and Patricia A. Pren-dergast petition for a writ of mandamus directing the Jefferson Circuit Court to vacate orders requiring the Prendergasts to arbitrate their claim against Knobloch, Inc. The Prendergasts contend that Knobloch waived its right to arbitration.
A petition for a writ of mandamus is a proper method by which to challenge a trial court’s order compelling arbitration. Gates v. Palm Harbor Homes, 675 So.2d 371 (Ala.1996). The writ of mandamus is an extraordinary writ available “where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable.” Rule 21(e)(4), Ala.R.App.P. In order for this Court to issue a writ of mandamus, the petitioner must show that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfa Mut. Ins. Co., [Ms. 1941403, January 5, 1996] — So.2d — (Ala.1996). We must review the trial court’s decision for an abuse of discretion. See Ex parte Alexander, 558 So.2d 364 (Ala.1990).
The Prendergasts contracted with Knob-loch for the construction of a house and site improvements on their lot. The contract contained the following arbitration provision:
“ARBITRATION. All claims or disputes related to the construction and arising out of this agreement or the breach thereof shall be decided by arbitration in accordance with the rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notice of demand for arbitration shall be filed in writing with the other party and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen.”
(Emphasis added.)
The Prendergasts and Knobloch later executed a construction loan contract, and the Prendergasts executed a note and mortgage covering their lot and securing advances of principal to Knobloch for the construction and improvements. Construction was completed on April 30, 1994. On May 2, 1994, the Prendergasts took possession and found what they believed to be defects resulting in breach of express and implied warranties. *780 They then claimed a set-off against money owed to Knobloch because of the defects.
Knobloeh then filed a lien on the property in June 1994. In July 1994, the Prender-gasts filed a declaratory judgment action concerning the dispute, and Knobloch began foreclosure proceedings on the mortgage. The Prendergasts amended their complaint to ask for a preliminary injunction to stop the foreclosure. At an August 1994 hearing, Knobloeh successfully argued for the denial of that injunction.
On August 24, 1994, Knobloch answered and filed a counterclaim against the Prender-gasts. On that same day, the Prendergasts closed on the construction loan and satisfied Knobloch’s claim of $207,418.30, in order to prevent foreclosure. This satisfied Knob-loch’s counterclaim. The Prendergasts’ claim against Knobloch remained pending.
On September 22, 1994, after it had received the money it had claimed from the Prendergasts, Knobloch served the Prender-gasts with a written demand for arbitration and filed a motion in the Prendergasts’ pending action against it, to enforce the arbitration provision. Knobloch mailed a copy of its written demand to the American Arbitration Association, but paid no filing fee to begin arbitration, as is required by that Association; the record indicates a September 26, 1994, form letter from the Association stating, “[W]e cannot process the case until the full filing fee is paid.” The Prendergasts objected to arbitration, contending in part that Knobloch had waived its right to compel arbitration.
On December 14, 1994, the circuit court granted Knobloch’s motion to compel arbitration, stating that Knobloch had “forty-two (42) days to begin proceedings towards arbitration and, failing to do so within said time frame, the arbitration provision will be deemed waived.” The 42d day was January 25, 1995. On February 7, 1995, the Prender-gasts again argued in a hearing that Knob-loch had waived its right to compel arbitration. On February 13,1995, the circuit court extended its previous order to require the completion of arbitration by May 12, 1995. The Prendergasts were not served with this order until March 10, 1995. Knobloch did not pay its filing fee to the American Arbitration Association until March 20, 1995. The Prendergasts filed a motion to stay the February order, and the trial court granted that motion pending a ruling by this Court on this petition for the writ of mandamus.
This Court determines on a case-by-case basis whether a waiver of a right to compel arbitration has occurred. Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986); Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897 (Ala.1995). In Companion Life Ins. Co., this Court stated the law on waiver of the right to compel arbitration:
“It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Whether a party’s participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration.”
670 So.2d at 899. See also Huntsville Golf Dev., Inc. v. Aetna Cas. & Sur. Co., 632 So.2d 459, 461 (Ala.1994) (for one party to show that the other party has waived or abandoned an arbitration agreement, the party must show that the other party has “substantially involved the litigation process” and that the one claiming the waiver or abandonment has “suffered prejudice as a result” of that invocation of the litigation process.)
We must determine whether the trial court abused its discretion in compelling the Pren-dergasts to arbitrate their claim against Knobloch. As noted above, the arbitration provision of the contract provided that notice of arbitration “shall be made within a reasonable time after the dispute has arisen.” Because of that statement in the provision, a waiver of arbitration could be found under these facts, either (1) if it is determined that Knobloch failed to provide notice to the Prendergasts within a reasonable time after them dispute arose, or (2) it is determined *781 that Knobloch’s actions substantially invoked the litigation process to the Prendergasts’ prejudice.
The Prendergasts maintain that the dispute arose on December 25,1998, which was within 120 days from the beginning of construction; they contend that their home should have been completed by this time pursuant to their original contract. Knob-loch contends that the dispute arose when the Prendergasts took possession and refused to pay the loan amount on May 2,1994. From the evidence before us, it appears clear that the very latest the dispute could have arisen was in early May 1994, as contended by Knobloeh. Assuming, but not deciding, that the dispute arose in May 1994, we will consider that date as the beginning of the dispute for purposes of considering this petition.
The evidence indicates that Knobloeh waited until September 22, 1994 — almost five months after the dispute arose and after it had received the money that it had demanded in its counterclaim against the Prender-gasts — to serve notice to the Prendergasts that it intended to enforce the arbitration provision. The Prendergasts’ original claim was the sole remaining claim left pending in the circuit court. The trial court’s December 1994 order stated that the arbitration provision would be considered to have been waived if the arbitration proceedings were not initiated within 42 days. That period passed with no commencement of arbitration proceedings. In its February 1995 order, the trial court extended the time for completion of the arbitration. Arbitration proceedings were not actually commenced until March 20,1995, when Knobloeh provided the American Arbitration Association with its filing fee; this was nearly 11 months after the dispute arose.
We farther note that in response to the dispute, Knobloeh, in June 1994, filed a lien on the Prendergast property; in July 1994, it initiated foreclosure proceedings on the property; in August 1994, it filed an answer and counterclaim in response to the Prendergast action; and on the same day of that filing it received payment from the Prendergasts for the amounts it alleged to be due for the construction. Only after it had received the payment on the property, while the Prender-gasts’ claim was pending in the court, did Knobloeh serve notice on the Prendergasts of its desire to have the dispute solved through arbitration.
The evidence indicates that a waiver of arbitration could be found in either Knob-loch’s failure to give the Prendergasts notice of arbitration within a reasonable time after their dispute arose, as provided by their contract, or by Knobloch’s actions in response to the dispute, which evinced an intention to abandon its arbitration right in favor of litigation. Certainly, when combined, these two circumstances clearly demonstrate that Knobloeh waived its right to compel arbitration. Knobloch’s notice to the Prendergasts that it intended to arbitrate, given nearly five months after the dispute arose — Knobloeh during those months having given all appearances of having decided to forgo arbitration in favor of litigation — was not given within a reasonable time, as required under the contract’s arbitration provision. Knobloch’s actions indicated an abandonment of its right of arbitration and prejudiced the interests of the Prendergasts, who would be forced to arbitrate their claim only after Knobloeh had already received, through the litigation process, the amount it had claimed from the Prendergasts. Neither the law of arbitration nor equity will permit this result, under the circumstances of this case.
For these reasons, the Prendergasts are entitled to the relief they seek. Ex parte Alfa Mut. Ins. Co., supra. The trial court abused its discretion by enforcing the arbitration provision and extending the time for arbitration. Therefore, the trial court is directed to vacate its orders compelling arbitration of the Prendergasts’ claim against Knobloeh.
WRIT GRANTED.
ALMON, SHORES, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., dissent.