I concur in the holding that Palm Harbor Homes waived its right to compel arbitration, and I concur in the holding that the second fraud claim ("Defects in the Mobile Home") was a "bad count"; however, I must respectfully dissent from the holdings that the other two fraud counts were "good counts."
On the arbitration issue, it appears to me that this Court's holding in Companion Life Ins. Co. v. Whitesell Mfg., Inc.,670 So.2d 897 (Ala. 1995), is consistent with holdings by federal courts on this issue of waiver. See, Leadertex, Inc. v.Morganton Dyeing Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995); Metz v. Merrill Lynch, Pierce, Fenner Smith, Inc.,39 F.3d 1482 (10th Cir. 1994); Cotton v. Slone 4 F.3d 176 (2d Cir. 1993); Morrie Mages Shirlee Mages Foundation v. ThriftyCorp., 916 F.2d 402 (7th Cir. 1990).
In Envirex, Inc. v. K.H. Schussler Fur Umwelttechnik GmbH,WDS-Engineering Consulting Corp., 832 F. Supp. 1293
(E.D.Wis. 1993), the Wisconsin district court opined:
 "Under Section 3 of Title 9 of the United States Code, this court must stay the proceedings of an action pending arbitration upon application of one of the parties if the issue involved in the proceeding is referable to arbitration under an agreement in writing, provided that the applicant for the stay has not defaulted in proceeding with such arbitration. Therefore, the threshold question is whether or not the defendants have defaulted by waiving any rights they may have to arbitration.
The federal courts have developed a strong presumption in favor of arbitration and do not lightly infer waiver. Midwest Window Systems, Inc. v. Amcor Indus., Inc., 630 F.2d 535, 536 (7th Cir. 1980). Thus, the party objecting to a stay pending arbitration bears a heavy burden of showing that the applicant for stay has waived its right to arbitration by acting in a manner inconsistent with the arbitration right. Morrie Mages Shirlee Mages Found. v. Thrifty Corp., 916 F.2d 402, 405
(7th Cir. 1990)."
(Emphasis added.)
In Leadertex, supra, the Second Circuit Court of Appeals stated that the factors to be considered in deciding whether there had been a waiver of any rights to arbitration include: "[1] the amount of litigation (usually exchanges of pleadings and discovery), [2] the time elapsed from the commencement of litigation to the request for arbitration, and [3] the proof of prejudice." 67 F.3d at 25. A delay in seeking arbitration does not necessarily create a waiver, the question being whether the delay prejudices the opposing party. 67 F.3d at 25. Furthermore, these factors must be carefully considered in the context of the United States Supreme Court's strong policy favoring arbitration: "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hospital v.Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941,74 L.Ed.2d 765 (1983). See also Mitsubishi Motors Corp. v.Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626,105 S.Ct. 3346, 3353-54, 87 L.Ed.2d 444 (1985); Mastrobuono v. ShearsonLehman Hutton, Inc., 514 U.S. 52, 115 S.Ct. 1212,131 L.Ed.2d 76 (1995); and Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993).
Palm Harbor waited two years after the filing of the initial complaint and nearly eight months after All Star, Cannon, and Adams moved for arbitration to file its own motion for arbitration. Furthermore, it waited until after the trial to appeal the trial court's denial of arbitration. Applying the principles set out above, I find a waiver here; nevertheless, Palm Harbor, in my opinion, had a right to seek immediate review of the trial court's order, because "§ 16 authorizes immediate appellate review of an order 'refusing a stay' of litigation pending arbitration or an order denying a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(A), (B), (C) (Supp. V *Page 14 
1994). It matters not whether these orders are final or interlocutory because orders that favor litigation over arbitration are 'immediately appealable, even if interlocutory in nature.' " American Cas. Co. of Reading, Pennsylvania v.L-J, Inc., 35 F.3d 133, 135 (4th Cir. 1994), quoting StedorEnterprises, Ltd. v. Armtex, Inc., 947 F.2d 727, 730 (4th Cir. 1991) (emphasis added in American Cas.); 9 U.S.C. § 16. Seealso, Matter of Arbitration Between Chung and PresidentEnterprises Corp., 943 F.2d 225 (2d Cir. 1991).[7]
 The Fraud Claims
I disagree with the majority's holding that the trial court properly denied a directed verdict on the first and third fraud claims. Mr. Crawford, in my opinion, failed to present substantial evidence that Palm Harbor made a false representation concerning the setup the mobile home, but even if it did, Mr. Crawford certainly did not rely upon it to his detriment. See Taylor v. Moorman Mfg. Co., 475 So.2d 1187
(Ala. 1985); Webb v. Renfrow, 453 So.2d 724 (Ala. 1984); andDavis Bluff Land Timber Co. v. Cooper, 223 Ala. 137,134 So. 639 (1931).
As to the third fraud claim I do not believe the evidence supports a finding that Palm Harbor fraudulently suppressed facts relating to the damage to the mobile home caused by a third party. When the damage occurred, title to the mobile home had been transferred to All Star Homes and the mobile home was located on All Star's property. It does not seem to be disputed that Palm Harbor repaired the mobile home at the request of All Star; consequently, I fail to see how Palm Harbor's undertaking to repair the mobile home established a duty on its part to disclose any facts to the Mr. Crawford. See, Interstate TruckLeasing, Inc. v. Bender, 608 So.2d 716 (Ala. 1992).
Consequently, I must respectfully disagree with the Court's holding that Mr. Crawford presented substantial evidence to support the first and third fraud claims.
HOOPER, C.J., concurs.
[7] Likewise, this Court has consistently held that an appeal is the proper procedure for challenging a denial of a motion to compel arbitration. A.G. Edwards Sons, Inc. v. Clark,558 So.2d 358, 360 (Ala. 1990); Companion Life Ins. Co. v. WhitesellMfg., Inc., 670 So.2d 897 (Ala. 1995); Long v. Industrial Dev.Bd. of the Town of Vincent, 619 So.2d 1387 (Ala. 1993).