710 So.2d 435 (1997)
CROWN PONTIAC, INC.
v.
E'Yvonne S. CHARLEY.
2951287.
Court of Civil Appeals of Alabama.
August 8, 1997.
Rehearing Denied September 12, 1997.
Certiorari Denied February 13, 1998.
*436 John Martin Galese and Jeffrey L. Ingram of John Martin Galese, P.A., Birmingham, for appellant.
Allan L. Armstrong and Christopher R. Hood of Cartwright & Armstrong, P.C., Birmingham; and Michael G. Graffeo, Birmingham, for appellee.
Alabama Supreme Court 1962156.
YATES, Judge.
Crown Pontiac, Inc., appeals from an order denying its motion to compel arbitration. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
E'Yvonne S. Charley purchased an automobile from Crown in April 1995. At the time of the purchase, Charley executed a dispute resolution agreement that stated:
"I hereby acknowledge and agree that all disputes and controversies of every kind and nature between myself and Crown Pontiac-Nissan, Inc. arising out of or in connection with the purchase of this vehicle by me, will be resolved by arbitration in accordance with the procedure set forth in this retail buyer's order."
Charley wrote a $2,500 check to Crown, as part of the purchase price for the automobile, but her check was returned by her bank for insufficient funds. The automobile was repossessed in July 1995.
In December 1995, Crown sued Charley in the small claims court, seeking to collect the $2,500 it claimed Charley owed because her check had been dishonored by her bank. Crown obtained a $2,500 judgment against Charley; on March 14, 1996, Charley appealed to the circuit court. On March 18, Crown moved to place the action on the court's administrative docket while Crown pursued binding arbitration of the dispute, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. On April 4, the court placed the case on its administrative docket, so the parties could arbitrate the dispute. On April 17, Charley asked the court to reconsider its order. On June 14, the court returned the case to its active docket for trial. Crown appealed.
The dispositive issue is whether Crown timely demanded arbitration pursuant to the arbitration agreement. We note that a trial court's denial of a motion to compel arbitration is an appealable interlocutory order. Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897 (Ala.1995).
Charley argues that Crown had waived its right to demand arbitration because, she says, it did not follow the stated procedure. Crown argues that the timeliness of its demand is an issue that should be decided in arbitration. The procedure set forth in the arbitration agreement states: "Either party may demand such arbitration in writing within thirty (30) days after the controversy arises. The demand shall contain a statement setting forth the matter in controversy." The procedure also states:
"The parties agree that in the event a dispute arises as to whether or not any claim, dispute, or controversy arising under the terms of this contract is subject to the arbitration provision set forth herein, the matter shall be decided by arbitration in the same manner and with the same effect as all other controversies arising hereunder."
In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the United States Supreme Court concluded that if parties to a contract agreed to submit the question of arbitrability itself to arbitration, then the arbitrator should decide issues related to that question. Crown argues that, pursuant to this provision, the arbitrator, and not the court, should determine the timeliness of its demand to arbitrate. We note that the United States Supreme Court, in Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 281, 115 S.Ct. 834, 843, 130 L.Ed.2d 753 (1995), noted that states may regulate contracts, *437 including arbitration clauses, under the general principles of contract law.
The subject vehicle was repossessed in July 1995. On July 21, 1995, Charley's attorney notified Crown that he was representing Charley in connection with the purchase and subsequent repossession of the vehicle. In December 1995, Crown sued Charley in the small claims court to recover $2,500 it alleged that Charley owed. The controversy arose, at the latest, in December 1995; however, Crown did not make a written demand for arbitration until March 1996well beyond the 30-day limit set by the arbitration agreement. There is no dispute or controversy regarding the timeliness of Crown's demand for arbitration. It is clear that it was made too late. The 30-day limit for demanding arbitration is clear and unambiguous. Crown seeks to hold Charley to the terms of the arbitration agreement; however, it too must be bound by the clear and unambiguous terms of the agreement. Marcrum v. Embry, 291 Ala. 400, 282 So.2d 49 (1973).
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
I respectfully dissent. The parties' dispute resolution agreement states:
"The parties agree that in the event a dispute arises as to whether or not any claim, dispute, or controversy arising under the terms of this contract is subject to the arbitration provision set forth herein, the matter shall be decided by arbitration in the same manner and with the same effect as all other controversies arising hereunder."
The United States Supreme Court has determined that, if parties to a contract agree to submit the question of arbitrability to arbitration, the arbitrator should decide issues related to that question. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Specifically, whether a party has made a timely demand for arbitration should be determined by the arbitrator. Aluminum, Brick, & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp., 991 F.2d 1545 (11th Cir.1993). Therefore, I believe that the trial court erred in denying the motion to compel arbitration.
THOMPSON, J., concurs.