HOUSTON, Justice
(dissenting).
I would deny the writ; therefore, I dissent.
In Companion Life Insurance Co. v. Whitesell Manufacturing, Inc., 670 So.2d 897, 899 (Ala.1995), this Court held that the trial court did not abuse its discretion in denying Companion’s motion to compel arbitration. “No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case.” This Court has consistently upheld the trial court on the issue whether the right to arbi *707 trate has been waived. Huntsville Golf Development, Inc. v. Aetna Casualty & Surety Co., 632 So.2d 459 (Ala.1994); Ex parte McKinney, 515 So.2d 693, 701 n. 2 (Ala.1987); Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986). To me, there is no clear showing that the trial court abused its discretion in ordering arbitration. That is our standard of review. Ex parte Phelps, 672 So.2d 790, 791 (Ala.1995). If I had been the trial judge, I might have found that All Star Mobile Homes, Inc., had waived its right to arbitrate; however, as a Supreme Court Justice, I can vote to issue the writ of mandamus only if the trial court clearly abused its discretion. It did not.
HOOPER, C.J., and MADDOX, J., concur.