Under the holding in this case, the plaintiffs could have avoided arbitration by not amending their complaint to state a contract claim. I agree with this conclusion. However, it does not follow that the act of amending to state the contract claim makes the plaintiffs' noncontract claims also subject to arbitration. If, as the majority says, the contract goes to the "very heart" of the matter upon which the original complaint was based, 727 So.2d at 6, then Georgia Power waived its right to compel arbitration as to the noncontract claims by engaging in the litigation process for three years. Ex parte Phelps,672 So.2d 790 (Ala. 1995).
Georgia Power and Jerry Ledbetter (Jerry Partin's supervisor) substantially participated in the discovery process (15 depositions were taken) and sought judicial intervention by moving for a summary judgment. To move for a summary judgment is to substantially participate in litigation, and it clearly indicates an intention to abandon the right to arbitrate. Exparte Prendergast, 678 So.2d 778 (Ala. 1996). The defendant's participating in the litigation process for three years amounts to an enforceable waiver of the right to arbitrate the noncontract claims, and it supports the trial court's denial of the defendants' motions to compel arbitration. Companion LifeInsurance Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala. 1995).
ALMON and KENNEDY, JJ., coneur. *Page 9