The main opinion concludes that the defendants, who aggressively litigated the issue of venue in this action for 11 months before moving to compel arbitration, did not waive their right to compel arbitration, stating "A defendant has the right to have the proper venue established before it has any obligation to move to compel arbitration." 729 So.2d at 292 (emphasis added). I respectfully dissent. What interest does a party havein establishing venue in a case he does not intend to litigate inthe first place? Otherwise stated, it serves no purpose for a party who does not intend to waive the right to compel arbitration, to litigate the venue issue to a conclusion, as the defendant did in this case, before moving to compel arbitration. Indeed, it is like putting the "cart (venue) before the horse (arbitration)." The venue of litigation is irrelevant in a case in which arbitration is contemplated.
In my opinion, a party who litigates the issue of venue for 11 months through aggressive legal maneuvers, including taking depositions, naturally "bespeaks an intention to abandon the right [to compel arbitration] in favor of the judicial process."Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897,899 (Ala. 1995). In such a case, the party opposing the motion to compel arbitration will, of course, be prejudiced by the other party's procrastination. See id. (the second prong of the waiver inquiry is "whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration").
In this case, for example, the plaintiffs "incurred considerable attorney fees and expenses in the eleven months that Defendants participated in the litigation process." Brief ofAppellants, at 17-18. "Moreover, Plaintiffs' counsel scheduled depositions and finally took the depositions of the defendant *Page 294 
George Skipper and Susan L. Harmon. In addition to preparing resources to discovery, Plaintiff's counsel . . . also expended many hours doing legal research, participating in phone conferences and making court appearances." Id. Thus, the plaintiffs correctly assert that they were prejudicial by the accrual of these expenses, which "would have been unnecessary if Defendant had asserted arbitration in a prompt manner." Id. On these facts, I would hold that the defendants so "substantially invoke[d] the litigation process," Companion Life Ins. Co., 670 So.2d at 899, that they waived their right to compel arbitration.
But my disagreement with the approach to this case taken in the main opinion is not limited to the waiver issue. Even more fundamental to this case than the waiver issue is the fact that — under general contract and real estate principles — the contract containing the arbitration clause was apparently extinguished
before this litigation began. More specifically, the contract containing the arbitration clause was a contract for the purchase of real estate, and, under the well-known doctrine of merger, "a contract for the purchase of real estate is merged into the deed conveying the property." Thornton v. Guckiean Co., 77 Ohio App.3d 794,799, 603 N.E.2d 1066, 1069 (1991). "Where a deed is delivered and accepted without qualification pursuant to a contract for the sale of real estate, no cause of action upon the contract exists because of the merger." Id. In other words, "when a deed is executed, the contract for sale merges into the deed and ceases to exist." Timothy Christian Schools v. Village ofWestern Springs, 285 Ill. App.3d 949, 953, 221 Ill. Dec. 261,675 N.E.2d 168, 171 (1996).
The purchase contract as executed on September 22, 1995, and the Complaint commencing this action was filed on June 5, 1997. Although the facts regarding the merger issue have not been truly developed, the record suggests that the plaintiff commenced this litigation only after they had received a deed and had entered upon the premises. If so, the defendants are seeking to enforce a provision of a contract that does not exist.
Because arbitration can be compelled only pursuant to a valid, enforceable contract, Ex parte Bentford, 719 So.2d 778, 780 (Ala. 1998); Carl Gregory Chrysler-Plymouth, Inc. v. Barnes,700 So.2d 1358 (Ala. 1997), involving interstate commerce, Allied-BruceTerminix Cos. v. Dobson, 513 U.S. 265, 115 S.Ct. 834,130 L.Ed.2d 753 (1995), I would remand this cause for the trial court to make findings on the merger issue. For these reasons, I respectfully dissent.