Riscorp, Inc., and Riscorp National Insurance Company appeal from an order granting a preliminary injunction. Those parties also have filed a mandamus petition related to an arbitration order. We affirm the order granting the injunction and dismiss the petition for the writ of mandamus.
On August 20, 1997, the Occupational Safety Association of Alabama Workmen's Compensation Fund ("the Fund"), a self-insurance workers' compensation fund, established under § 25-5-9, Ala. Code 1975, filed a complaint against Riscorp National Insurance Company and Riscorp, Inc. (together hereinafter referred to as "Riscorp"), and Peter D. Norman. Later the Fund amended its complaint to add as defendants Norman's partner Thomas Albrecht; Independent Association Administrators, Inc. ("IAA"); and Sterling Capital Advisors, Inc. ("Sterling Capital"), and its managing director Gregory A. Weir. The complaint as last amended stated these counts: (1) breach of contract, (2) demand for an accounting, (3) fraud, (4) breach of fiduciary duty, (5) negligence/wantonness, and (6) suppression.
The Fund's claims against Riscorp arose from a contract entered into between the Fund and Riscorp entitled "Loss Portfolio Transfer Agreement" ("LPTA"). This agreement transferred the assets of the Fund to Riscorp; it was signed only by Riscorp and the Fund. The LPTA contains an arbitration provision, which reads:
"Article 16 Arbitration
 "A. Any dispute or other matter or question between the Fund and the insurer arising out of or relating to the formation, performance or breach of the Agreement, whether such dispute arises before or after termination of this Agreement, shall be settled by arbitration if the parties are unable to resolve the dispute through negotiation. Arbitration shall be initiated by the delivery of a written notice of demand for arbitration by one party to the other.
 "B. Each party shall appoint an individual as arbitrator and the two so appointed shall then appoint a third arbitrator. If either party refuses or neglects to appoint an arbitrator within sixty days of receipt of a written notice of demand for arbitration, the other party may appoint the second arbitrator. If the two arbitrators do not agree on a third arbitrator within sixty days of their appointment, each of the arbitrators shall nominate three individuals. Each arbitrator shall then be chosen from the remaining two nominations by drawing lots. The arbitrators shall be active or former officers of insurance or reinsurance companies or fund administrators of self-insurers. The arbitrators shall not have a personal or financial interest in the result of the arbitration.
 "C. The arbitration hearings shall be held in Montgomery, Alabama, or such other place as may be mutually agreed. Each party shall submit its case to the arbitrators within sixty days of the selection of the third arbitrator or within such longer period as may be agreed by the arbitrators. The arbitrators shall not be obliged to follow judicial formalities or the rules of evidence except to the extent required by governing law, *Page 1064 
that is, the state law of the situs of the arbitration as herein agreed; they shall make their decisions according to the practice of the reinsurance business. The decision rendered by a majority of the arbitrators shall be final and binding on both parties. Such decision shall be a condition precedent to any right of legal action arising out of the arbitrated dispute which either party may have against the other. Judgment upon the award rendered may be entered in any court having jurisdiction thereof.
". . . .
 "E. Except as provided above, arbitration shall be based, insofar as applicable, upon the Commercial Arbitration Rules of the American Arbitration Association."
On October 9, 1997, Riscorp filed a motion to compel arbitration and to stay proceedings, including discovery. Later, the nonsignatory defendants filed motions to compel arbitration as to the claims against them. These motions by the nonsignatories were denied by the trial court; this Court has today affirmed that denial. See Norman v. Occupational Safety Ass'n of AlabamaWorkmen's Compensation Fund 776 So.2d 788 (Ala. 2000).
The circuit judge entered an order on November 25, 1997, upon the stipulation of the parties, staying the case pending settlement negotiations and mediation between the parties. The order provided that "if, at the end of said 90 day period (from the date of November 25, 1997), the parties have not settled, arbitration shall commence, provided that any party may apply to the Court for a ruling on any motion referred to in paragraph 4." The motions referred to in paragraph 4 included the motions to compel arbitration filed by the nonsignatory defendants.
On July 13, 1998, pursuant to the terms of the arbitration agreement, the Fund gave Riscorp notice of a "demand" for arbitration and subsequently appointed an arbitrator. After Riscorp neglected to select an arbitrator within the time set out in the arbitration agreement, the Fund exercised its contractual right to select the second arbitrator.
On September 23, 1998, the trial judge granted Riscorp's motion to compel arbitration and denied the motions to compel arbitration with respect to the nonsignatory parties. On October 7, 1998, Riscorp informed the Fund that it denied receiving a proper notice of "demand" for arbitration, and Riscorp filed a "demand" for arbitration with the American Arbitration Association ("AAA"). The Fund characterizes Riscorp's demand to the AAA as a desperate attempt on its part to have the AAA exercise some form of "jurisdiction" over this arbitration, because Riscorp had neglected to timely appoint an arbitrator.
The Fund filed its own motion to compel arbitration, on October 6, 1998. In this motion, the Fund asked the trial judge to direct Riscorp to arbitrate before the properly appointed arbitrators. The trial judge held a hearing and, on November 5, 1998, he granted the Fund's motion to compel arbitration, ordering: "All of the requirements in the arbitration provision of the contract are required to be followed" and that "The Commercial Arbitration Rules will govern matters not contained or contemplated by the parties." Riscorp did not at that time or soon thereafter file a mandamus petition contesting this order.
On November 18, 1998, the Fund applied for a temporary restraining order and moved for a preliminary injunction to prohibit the AAA from administering the arbitration. The trial judge issued the TRO on November 18, 1998, and set the motion for a preliminary injunction for a *Page 1065 
hearing on November 24, 1998. The trial judge allowed Riscorp to intervene in the preliminary-injunction matter. In an order dated December 1, 1998, the trial court granted the Fund's motion for a preliminary injunction and prohibited the AAA from administering the arbitration. Riscorp appealed (No. 1980524).
On January 11, 1999, Riscorp filed in this Court an "emergency motion" to stay arbitration proceedings. The Fund objected, pointing out that Riscorp had not challenged the order of November 5, 1998, by seeking a writ of mandamus. The Fund contended that the trial court could not have abused its discretion in entering against a third party an injunction that merely carried out its prior order granting the Fund's motion to compel.
On January 27, 1999, Riscorp filed a petition for a writ of mandamus (No. 1980691), stating: "The Plaintiff has taken the position that Riscorp can only raise these issues by filing a petition for writ of mandamus. Riscorp files this petition to erase any doubt that all issues are properly before this Court."
This Court stayed all arbitration proceedings pending resolution of the related cases before us (cases 1980524 and 1980691, dealt with in this opinion; and cases 1980076, 1980175, and 1980272, dealt with in the Norman opinion, supra).
We first consider whether the trial court abused its discretion in granting the Fund's motion for a preliminary injunction. A preliminary injunction will not be disturbed on appeal, absent an abuse of discretion. John Lloyd Co. v.Stringer, 456 So.2d 1076 (Ala. 1990), citing Alabama Educ. Ass'nv. Board of Trustees of the Univ. of Alabama, 374 So.2d 258 (Ala. 1979). The Fund contends that the trial court entered the injunction because of Riscorp's continued failure and refusal to comply with the arbitration agreement. When the trial court, on November 5, 1998, granted the Fund's motion to compel arbitration, it ruled on the issues Riscorp raises in the two appellate proceedings now before this Court. Riscorp's remedy at that time was to file a petition for a writ of mandamus, challenging the trial court's order granting the motion to compel. Long v.Industrial Dev. Bd., 619 So.2d 1387, 1388 (Ala. 1993). The petition for the writ of mandamus was not filed until January 27, 1999, some 83 days later.
After carefully studying the record, we cannot conclude that the trial judge abused his discretion in entering the injunction. This is a complicated matter requiring able management by the trial judge. The trial judge had ordered Riscorp to arbitrate under the arbitration agreement, and Riscorp had failed to do so. It was clearly the province of the trial judge to grant the injunction to enforce his order to arbitrate under the LPTA.
A trial judge assigned a case of the magnitude of the case out of which the proceedings now before us arise is entrusted with a monumental task in simply managing the case. Justice Lyons, writing specially in Med Center Cars, Inc. v. Smith, 727 So.2d 9
(Ala. 1998), spoke to a trial court's wide discretion in managing a case by either staying or not staying judicial proceedings involving both arbitrable and nonarbitrable issues:
 "Although the main opinion recognizes that whether to stay the nonarbitrable claims was discretionary with the trial court, it expressly notes Justice White's special concurrence in Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 225, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), in which he opines that `the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course.' (White, J., concurring.) I point out, however, that *Page 1066 
in concluding his special writing, Justice White recognized that `the matter remain[ed] to be determined by the District Court.' Id. Since the Supreme Court decided Byrd, those federal circuits that have addressed the propriety of a stay of judicial proceedings involving both arbitrable and nonarbitrable issues have treated the question as one vested within the sound discretion of the trial court. See Pryner v. Tractor Supply Co., 109 F.3d 354 (7th Cir), cert denied, 522 U.S. 912, 118 S.Ct. 294, 139 L.Ed.2d 227 (1997). . . . This Court is in accord. See Terminix Int'l Co. v. Jackson, 669 So.2d 893 (Ala. 1995)."
Id. at 21. (Citations omitted.) We cannot say the trial judge abused his discretion in handling this matter.
We next consider Riscorp's petition for the writ of mandamus. The Fund argues that the petition must be dismissed on the basis that it was not timely filed. The Fund notes that the petition was filed 83 days after the trial court had entered the order on November 5, 1998, compelling Riscorp to arbitrate under the terms of the LPTA and only 19 days before the arbitration hearing was originally set.
The Fund cites Long v. Industrial Development Board,619 So.2d 1387 (Ala. 1993). In that case, Junius Long sued the Industrial Development Board of the Town of Vincent and H.L. Fuller Construction Company for the enforcement of a lien. The trial court granted Fuller's motion to compel arbitration and for a stay of the proceedings, pursuant to an arbitration agreement between the parties. Id. at 1387. Long did not take the necessary steps to comply with the arbitration order, and Fuller filed a motion to enforce the order compelling arbitration. In July 1992, the trial court granted Fuller's motion. Long appealed. This Court held that no appeal lies from the grant of a motion to compel arbitration. The proper procedure is to petition for a writ of mandamus:
 "In cases where the Federal Arbitration Act is applicable, 9 U.S.C. § 16 allows an appeal from a denial of a motion to compel arbitration. A.G. Edwards Sons, Inc. v. Clark, 558 So.2d 358 (Ala. 1990). However, it does not allow an appeal from a grant of a motion to compel arbitration. A.G. Edwards. Rather, a petition for a writ of mandamus is the proper means to test a trial court's granting
of a motion to arbitrate or the granting of a stay pending arbitration. Jones v. Merrill Lynch, Pierce, Fenner Smith, Inc., 604 So.2d 332 (Ala. 1991); Ex parte Alexander, 558 So.2d 364 (Ala. 1990)."
Id. at 1388.
Thus, the question becomes whether Riscorp's petition was timely filed. Riscorp argues that a petition for the writ of mandamus must be filed within a reasonable time, and the Fund responds with the argument that an 83-day delay is not reasonable. In A.G. Edwards Sons, supra, this Court stated:
 "Under Rule 4, [Ala.] R. App. P., most appeals must be filed within 42 days, but appeals from interlocutory orders involving injunctions must be filed within 14 days. As a matter of policy, how should this Court treat appeals from a denial of a motion to compel arbitration? The question is one of first impression. . . .
". . . .
 ". . . Rule 4, [Ala.] R. App. P., allows 42 days for appeal to this Court `in all cases' — `except as otherwise provided herein [i.e., in Rule 4].' There is no exception in Rule 4 for appeals from orders denying motions to compel arbitration. Because a denial of arbitration is not an interlocutory order regarding an injunction, and in light of the strong *Page 1067 
federal policy favoring arbitration, we hold that the 42-day time limit for an appeal is applicable to [an appeal] from an order denying a motion to compel arbitration under 9 U.S.C. § 15."
558 So.2d at 360-61. While the specific issue in A.G. Edwards
was the time for appealing from the denial of a motion to compel arbitration, the holding and the language of the opinion indicate that a party challenging the granting of a motion to compel arbitration has no greater time in which to challenge the trial court's order than one who has been denied the opportunity to arbitrate. Id.
The order granting the preliminary injunction is affirmed; the petition for the writ of mandamus is dismissed as untimely.
1980524 — AFFIRMED.
1980691 — DISMISSED.
Cook and Johnstone, JJ., concur.
See and Lyons, JJ., concur in the result.
Hooper, C.J., dissents.