MURDOCK, Justice
(concurring in the result).
I cannot agree that the term “or” was not intended to have its plain and ordinary meaning as a disjunctive. The steel companies could select only one method of resolving a dispute at a time.
Nonetheless, I concur in the result simply because nothing in the arbitration provisions prevented the steel companies from altering their choice of dispute resolution, provided that their previous choice and actions had not constituted a waiver of their right to do so. No such waiver occurred in this case. As the main opinion notes, the standard for such a waiver is “ ‘ “whether the participation bespeaks an intention to abandon the' right in favor of the judicial process, and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration.” ’ ” 180 So.3d at 9 (quoting Anderton v. Practice-Monroeville, P.C., 164 So.3d 1094, 1099 (Ala.2014), quoting in turn Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995)). Particularly in light of the contractual *16 agreement that, even in arbitration, the parties would be entitled to engage in conventional discovery consistent with the Federal Rules of Civil Procedure, the discovery undertaken in this case in no way bespeaks an intention to forever abandon any resort to an arbitration process and certainly did not subject the other party to any delays, expenses, or efforts to which it would not have otherwise been subjected (i.e., there was no “prejudice”).