INSTITUTO CUBANO DE ESTABILIZACION DEL AZUCAR, Libelant,

v.

THE M V DRILLER, her engines, etc., Crosbie & Co., Ltd., owner, and Cane Products Corporation, Respondents.

United States District Court
S. D. New York.
Feb. 11, 1957.

Crowell, Rouse & Varian, New York City, for libelant.

David I. Gilchrist, New York City, for respondent, Cane Products Corp.

**DAWSON, District Judge.**

This is a motion pursuant to § 5 of the United States Arbitration Act, 9 U.S.C. § 5, for an order designating an umpire arbitrator and for such other relief as may be proper.

The respondents contend (1) that there is no written agreement to arbitrate and (2) that they have not appointed an arbitrator and therefore there is no occasion to appoint an umpire arbitrator.

The issue of law is primarily whether the assignee of a charter party may avail himself of the right to arbitration contained in the charter party.

The facts show that on February 15, 1952, Cane Products Corporation, as owner of the Motor Vessel "Driller" chartered the ship by a written charter party to General Molasses Company. The charter party contained an agreement to arbitrate in New York, N. Y. any disputes and differences arising out of the charter. It provided that each party, in the event of arbitration, would appoint an arbitrator and that the two arbitrators should appoint the third arbitrator, but that if the two arbitrators failed to appoint a third arbitrator within twenty days after the appointment of the second arbitrator either arbitrator might apply to a judge having maritime jurisdiction in said city to appoint a third arbitrator.

It appears that thereafter the charterer, General Molasses Company, turned over the vessel to petitioner Instituto Cubano de Estabilizacion del Azucar (hereinafter called "Instituto") and by a verbal transfer transferred all the rights which it had in the charter. This assignment and transfer was confirmed in a letter dated April 5, 1954 from General Molasses Company to Instituto.

Apparently the vessel took on a cargo belonging to Instituto for carriage from Cuba to New Orleans. Libelant contends that on arrival of the ship the cargo was turned out short and contaminated and alleges that this was due to unseaworthiness of the vessel. A claim was made by libelant against Cane Products Corporation, as owner of the vessel, and on April 1, 1954 libelant demanded of Cane Products Corporation that the dispute be arbitrated.

Cane Products Corporation replied that it had no agreement with Instituto and that its agreement was solely with General Molasses Company and that it would not appoint an arbitrator. It is true that the charter party was between Cane Products Corporation, the owner, and General Molasses Company. However, the papers are sufficient to establish that General Molasses Company transferred all the rights which it had in the charter to Instituto. Did this transfer give to Instituto the same right of arbitration that the charterer of the ship, the General Molasses Company, had?

The law is now well established in this jurisdiction that the assignee of a contract, which is not of a personal nature, may avail himself of the right of arbitration contained in the contract, and that this rule is applicable to assignees of charter of vessels. *Arnold Bernstein Shipping Co. v. Tidewater Commercial Co.*, D.C.Md. 1949, 84 F.Supp. 948. See *Lipman v. Haeuser Shellac Co.*, 1942, 289 N.Y. 76, 43 N.E.2d 817, 142 A.L.R. 1088. Since the assignee had this right, it would be in a position to secure an order directing the respondent to proceed with arbitration.

Respondent has denied that it has appointed an arbitrator and apparently has declined to proceed with the arbitration. In such a situation the Court is empowered to appoint an arbitrator or arbitrators. 9 U.S.C. § 4.

The Court will assume that now that the right to arbitrate has been decided the respondent will promptly proceed to appoint its arbitrator and that the two arbitrators will then proceed promptly to select a third arbitrator. If this is done there should be no occasion for the Court to appoint an arbitrator. The Court will, therefore, at present, not exercise its power to ap-

point an arbitrator. However, if further delays occur, the Court will exercise its power to appoint an arbitrator.

Let an order be entered directing the respondents to proceed with the arbitration and providing that if the respondents do not designate their arbitrator within twenty days from the date of the order, or if the two arbitrators do not designate the third arbitrator within twenty days after the appointment of the second arbitrator, either party may apply *ex parte* for an order from this Court designating an arbitrator or arbitrators, as the case may be.

Settle order on notice.