Big Valley Home Center, Inc. ("Big Valley"), a defendant in an action filed in the Colbert Circuit Court, appeals from an order denying its motion to compel arbitration of the plaintiff Lisa Mullican's claims alleging breach of contract, breach of express and implied warranties, and negligence. We affirm.
In June 1996, Lisa Mullican purchased a mobile home from Big Valley; it had been manufactured by Franklin Homes, Inc., which was also named as a defendant in Mullican's action. Mullican alleged that the defendants had failed to correct deficiencies in the mobile home.
When she purchased the mobile home, Mullican executed a "Retail Installment Contract"; that contract is the subject of this lawsuit. The third page of that contract, entitled "ADDITIONAL TERMS AND CONDITIONS," contains an arbitration clause, which reads as follows, in pertinent part:
"ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:
 "a. Dispute resolution. Any controversy or claim between or among you and I [sic] or our assignees arising out of or relating to this contract or any agreements or instruments relating to or delivered in connection with this contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial. . . ."
Both defendants moved to compel arbitration of the plaintiff's claims. The court denied the motions to compel arbitration. Big Valley appealed from the order denying arbitration; Franklin Homes did not.[1]
The sole issue presented by Big Valley is whether the trial court erred in denying its motion to compel arbitration. We must first address our scope of review in this case. Big Valley contends that the trial court failed to "find" that it had waived its right to compel arbitration and, therefore, *Page 560 
that the applicable standard of review is de novo.
The order denying arbitration includes this statement:
 "[T]his case was filed on October 24, 1996; . . . Defendant [Big Valley Home Center] was engaged in the discovery process; . . . a Scheduling Conference was held on April 30, 1997; . . . the case has been scheduled for Trial on three occasions; . . . the Defendant, Franklin Homes, Inc. filed an Offer of Judgment on February 9, 1999; . . . Defendants, Big Valley Home Center, Inc. and Franklin Homes, Inc. have substantially invoked the litigation process; . . . this case had been pending for two years and four months before the defendant, Big Valley Home Center, Inc., filed [its] motion to compel arbitration, etc."
This language makes it clear that the trial court denied Big Valley's motion to compel arbitration because it concluded that Big Valley had waived its right to compel arbitration, by substantially invoking the litigation process and substantially prejudicing the plaintiff in doing so. See Companion Life Ins.Co. v. Whitesell Mfg., Inc., 670 So.2d 897 (Ala. 1995), citingCabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.,50 F.3d 388, 390-91 (7th Cir. 1995) (invoking the judicial process is presumptive waiver).
It is clear that a majority of jurisdictions, including Alabama, afford de novo review of rulings on questions of law involving arbitration. See First American Title Insurance Co. v.Silvernell, 744 So.2d 883 (Ala. 1999); Jim Burke Automotive, Inc.v. Murphy, 739 So.2d 1084 (Ala. 1999). However, when a trial court makes factual findings underlying such a ruling, those findings are granted deference.[2] We hold that although a trial court's determination that a party has waived its right to arbitration is a legal conclusion subject to our plenary review, the trial court's findings supporting that conclusion are based on questions of fact and will not be overturned unless clearly erroneous.
Whether a party has waived the right to compel arbitration must be determined from the particular facts of each case. SeeThompson v. Skipper Real Estate Co., 729 So.2d 287 (Ala. 1999), quoting Companion Life Ins. Co. v. Whitesell Mfg., Inc.,670 So.2d 897, 899 (Ala. 1995); see also Ex parte McKinney,515 So.2d 693 n. 2 (Ala. 1987); Ex parte Merrill Lynch, Pierce, Fenner Smith, Inc., 494 So.2d 1 *Page 561 
(Ala. 1986).[3] Courts will not lightly infer a waiver of arbitration rights, because of the strong federal policy favoring arbitration. The United States Supreme Court has stated:
 "The [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."
Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1,24-25 (1983). Therefore, the party seeking to prove a waiver has a heavy burden. See American Dairy Queen Corp. v. Tantillo,536 F. Supp. 718 (M.D.La. 1982).
The court in Chatham Shipping Co. v. Fertex S.S. Corp.,352 F.2d 291, 293 (2d Cir. 1965), stated that the earliest point at which waiver of the right to arbitration may be found is the point at which the other party files an answer on the merits.
After considering the record and the briefs, we conclude that the trial court did not err in holding, based on the evidence in this case, that Big Valley had waived its right to compel arbitration. The pertinent events are set out in the following chronology:
October 24, 1996 Mullican filed her complaint.
February 20, 1997 Franklin Homes filed its answer.
March 19, 1997 Big Valley filed its answer.
 April 30, 1997 Scheduling conference — trial set for October 20, 1997; pretrial and/or settlement conference set for October 6, 1997.
 May 20, 1997 Franklin Homes filed a notice of service of discovery documents.
July 8, 1997 Mullican deposed.
September 18, 1997 Franklin Homes filed an amended answer.
 September 19, 1997 Big Valley filed a notice of service of discovery documents.
 October 6, 1997 Pretrial and/or settlement conference reset for February 2, 1998; trial reset for February 9, 1998.
 January 9, 1998 Franklin Homes moved to continue trial from February 9, 1998.
 January 12, 1998 Trial reset for April 13, 1998; pretrial and/or settlement conference reset for April 9, 1998.
 April 13, 1998 Trial reset for August 10, 1998; pretrial and/or settlement conference reset for August 4, 1998.
 August 4, 1998 Trial reset for October 13, 1998; pretrial and/or settlement conference reset for October 5, 1998.
 September 2, 1998 Trial reset for February 8, 1999; pretrial and/or settlement conference reset for February 1, 1999.
 October 2, 1998 Franklin Homes moved for recusal of Judge Pride Tompkins.
October 6, 1998 Motion to recuse granted.
October 13, 1998 Judge Inge Johnson recuses.
 January 12, 1999 Case transferred to Judge Harold Hughston, with the previously scheduled trial date remaining the same.
February 9, 1999 Defendants made a $4,000 settlement offer.
February 10, 1999 Big Valley moved to compel arbitration.
 March 15, 1999 Trial court denied Big Valley's motion to compel arbitration. *Page 562 
 April 23, 1999 Big Valley and Franklin Homes submitted requested jury instructions.
 April 28, 1999 Jury returned a verdict in favor of the plaintiff and against Big Valley in the amount of $60,000.
 April 28, 1999 Jury returned a verdict in favor of the plaintiff and against Franklin Homes in the amount of $15,000.
 May 5, 1999 Franklin Homes satisfied the judgment against it.
May 25, 1999 Big Valley moved for a new trial.
July 6, 1999 New trial denied.
August 17, 1999 Big Valley filed notice of appeal.
The facts of this case show that Big Valley took numerous actions that would have been irrelevant in a case in which it contemplated arbitration and that would have been inconsistent with any desire it may have had to resolve this case by arbitration. On October 24, 1996, Mullican filed her a complaint against Big Valley and Franklin Homes. Over two years passed before Big Valley sought to invoke its right to compel arbitration. During the intervening period, Big Valley answered the complaint (without asserting the arbitration agreement as an affirmative defense), the plaintiff was deposed, two judges recused, the trial was continued five times, and a settlement offer was made to the plaintiff. In addition, Big Valley attended a scheduling conference, participated in discovery, and filed a notice of service of discovery documents. Had Big Valley been allowed to invoke its arbitration rights after that time, Mullican would have been substantially prejudiced.[4]
During that time, Mullican's attorneys had invested time and money preparing for a trial on the merits. Had Big Valley desired to arbitrate, then it had ample time and opportunity before the eve of trial for it to seek to do so. Therefore, we conclude that the trial court properly determined that Big Valley's failure or refusal to assert its contractual right to compel arbitration until the eve of trial indicated that it had substantially invoked the litigation process, to the prejudice of Mullican, and, therefore, had waived its contractual right to compel arbitration. While we have no rigid rule for determining what constitutes a waiver of the right to arbitration, we conclude that too great a delay took place in this case. See Ex parte Bentford,719 So.2d 778 (Ala. 1998) (held that the plaintiffs had been prejudiced by the defendants' delay in seeking to compel arbitration).
We conclude that Big Valley substantially invoked the litigation process, to the prejudice of Mullican, and, therefore, waived its contractual right to arbitration.
The trial court's order denying Big Valley's motion to compel arbitration and to stay the proceedings in the circuit court is affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, See, Johnstone, and England, JJ., concur.
Brown, J., concurs in the result.
[1] A direct appeal is the generally accepted method for obtaining review of a trial court's order denying a motion to compel arbitration. See A.G. Edwards Sons, Inc. v. Clark,558 So.2d 358, 360 (Ala. 1990).
[2] The South Carolina Court of Appeals has written:
 "`The federal circuits are united in holding that the ultimate determination of waiver is reviewed de novo, as a matter of law,' but the factual findings of the lower court are accorded some deference and [are] reviewed for substantial evidence, a standard analogous to the clear error test. J.L. Steele v. Lundgren, 85 Wn. App. 845, 935 P.2d 671, 674 (1997); see also Baltimore Ohio Chicago Terminal R. Co. v. Wisconsin Cen. Ltd., 154 F.3d 404, 408 (7th Cir. 1998) (noting an appellate court may only reverse a district court's ruling on a demand for arbitration when the district court acts unreasonably), cert. denied, 526 U.S. 1019, 119 S.Ct. 1254, 143 L.Ed.2d 351 (1999); Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1159 (5th Cir. 1986); In re Liquidation of Inter-American Ins. Co. of Ill., 303 Ill. App.3d 95, 236 Ill. Dec. 490, 707 N.E.2d 617, 620 (1999) (`Under the [Federal Arbitration] Act, the decision of whether a party has waived arbitration is reviewed under the clear error standard.'
(citing St. Mary's Med. Ctr. v. Disco Alum. Prods. Co.,969 F.2d 585, 588 (7th Cir. 1992))).
". . . .
 "We now join the majority of jurisdictions granting deference to a circuit judge's factual findings made when deciding a motion to stay an action pending arbitration. We acknowledge that determining whether a party waived its right to arbitrate is a legal conclusion subject to de novo review; nevertheless, the circuit judge's factual findings underlying that conclusion will not be overruled if there is any evidence reasonably supporting them."[*] [*Note 8: "This conclusion accords with the standard of review employed by South Carolina courts when reviewing other preliminary trial motions."]
Liberty Builders, Inc. v. Horton, 336 S.C. 658, 664-65,521 S.E.2d 749, 751-53 (Ct.App. 1999).
[3] The particular facts of a case may present extenuating circumstances indicating that the right to seek arbitration had not been waived (i.e., indicating that the moving party had a reasonable basis for not seeking to arbitrate sooner than it did). See Ex parte McKinney, supra; Ex parte Merrill Lynch, Pierce,Fenner Smith, Inc. (held no waiver of the right to arbitrate).
[4] Mullican asserts that Big Valley's appeal is untimely because it was not filed within 42 days after the trial court issued its order denying Big Valley's motion to compel arbitration. Specifically, Mullican states that Big Valley's motion to compel arbitration was denied on March 15, 1999, and the denial was not questioned until May 25, 1999, some 71 days later, when Big Valley moved for a new trial. Mullican also points out that Big Valley filed its notice of appeal on August 17, 1999 — 155 days after the court had denied its motion to compel arbitration. The proper method for seeking review would have been to appeal that order within 42 days. A.G. Edwards Sons, Inc. v.Clark, 558 So.2d 358 (Ala. 1990). We need not address this issue because we conclude that the trial court properly held that Big Valley had waived its right to compel arbitration. *Page 563