**TOKIO MARINE & FIRE INSUR-
ANCE CO., LTD. and Marubeni
Corporation, Plaintiffs,**

v.

**M/V SAFFRON TRADER, its engines
machinery, tackle, etc., in rem,**

v.

**The Sanko Steamship Co., Ltd.,
in personam, Defendants.**

No. 02 Civ. 5369(SAS).

United States District Court,
S.D. New York.

March 24, 2003.

Lawrence B. Brennan, New York City, for Plaintiffs.

Garth S. Wolfson, New York City, for Defendant The Sanko Steamship Co., Ltd.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

Tokio Marine & Fire Insurance Co., Ltd. ("Tokio Marine") and Marubeni Cor-poration ("Marubeni") bring this admiralty and maritime action to recover damages for cargo shipped from the United States to Japan. Plaintiffs claim that the carrier of the cargo breached the Charter Party and Bills of Lading. Plaintiffs move to compel arbitration and stay these proceed-ings. For the reasons set forth below, plaintiffs' motion is granted.

## I. BACKGROUND

Tokio Marine is a Japanese corporation that insures cargo. Complaint ("Compl.") ¶ 4. Marubeni is a Japanese corporation that engages in international trade. *Id.* ¶¶ 5–6. The Sanko Steamship Co., Ltd. ("Sanko") is an ocean carrier and owner of the vessel M/V Saffron Trader ("Saffron Trader"). *Id.* ¶ 7. All parties have a place of business or principal place of business in Tokyo, Japan. *Id.* ¶¶ 4–5, 7.

### A. Factual Allegations

On August 4, 2000, Sanko and Marube-ni entered into a Charter Party for the shipment of yellow corn from Tacoma, Washington to Kashima, Japan. *See* Memorandum of Law in Support of Plain-tiffs' Motion to Compel Arbitration ("Pl. Mem.") at 1–2; Charter Party, Ex. 6 to 1/6/03 Affidavit of Lawrence B. Brennan, attorney for plaintiffs ("Brennan Aff."). The Charter Party has a "New York Pro-duce Exchange Arbitration Clause", which provides "[t]hat should any dispute arise between Owners and Charters, the matter in dispute shall be referred to [arbitration in] New York." Pl. Mem. at 2. On Decem-ber 31, 2000, Sanko issued Bills of Lad-ing, which incorporated the Charter Par-ty's arbitration clause. *See* Compl. ¶ 19; Bill of Lading No. 002, Ex. 7 to Brennan Aff.

Marubeni was the owner of the cargo and holder of the Bills of Lading. Compl.

¶ 13. Tokio Marine was the insurer of Marubeni's cargo. *Id.* ¶ 14. On January 16, 2001, Sanko delivered the cargo to Kashima, Japan and Marubeni discovered that the 42,809 metric tons of corn were damaged. *Id.* ¶¶ 12, 15. As a result, Tokio Marine and Marubeni suffered a loss of $62,572.23. *Id.* ¶ 17.

### B. Procedural Background

On July 12, 2002, Tokio Marine and Marubeni brought this action seeking damages for defendants' alleged failure to deliver the cargo in good condition pursuant to the terms of the Charter Party and Bills of Lading. *Id.* ¶ 15. The Complaint consists of an *in rem* claim against the Saffron Trader and an *in personam* claim against Sanko. Tokio Marine and Marubeni request that the Saffron Trader be arrested and that final judgment against defendants be entered in the amount due plaintiffs. In the alternative, plaintiffs request that the Court compel arbitration pursuant to the Federal Arbitration Act ("FAA").[1]

Tokio Marine and Maurbeni moved to compel arbitration and stay the current proceedings on January 6, 2003. *See* Pl. Mem. Sanko opposes the motion, but does not dispute the validity of the Charter Party's arbitration clause. Instead, Sanko contends that Tokio Marine and Maurbeni waived their right to arbitration by bringing suit in federal court. *See* Sanko's Memorandum in Opposition to Motion to Compel Arbitration at 4–5.

1. On December 6, 2002, Sanko brought a Third–Party Complaint seeking indemnification from Gowell Shipping Co., S.A. and Taisei Shoji Co., Ltd.

2. More specifically, a plaintiff in an admiralty action does not automatically waive the right to arbitration by bringing *in rem* and *in personam* claims in court. *See* 9 U.S.C. § 8.

## II. LEGAL STANDARD

Pursuant to the FAA, "a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding." *McMahan Sec. Co. v. Forum Capital Mkts. L.P.*, 35 F.3d 82, 85 (2d Cir.1994). *See* 9 U.S.C. § 3 (2001). However, the FAA requires a court to determine whether an arbitration agreement has been waived, and thereby unenforceable. *See Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 456 (2d Cir.1995) (describing the waiver defense as a "statutorily mandated inquiry in § 3 cases"). " '[T]here is a strong presumption in favor of arbitration[, and] waiver of the right to arbitrate is not to be lightly inferred.' " *Thyssen, Inc. v. Calypso Shipping Corp.*, 310 F.3d 102, 104–05 (2d Cir.2002) (alterations in original) (quoting *Coca–Cola Bottling Co. v. Soft Drink and Brewery Workers Union Local 812*, 242 F.3d 52, 57 (2d Cir.2001)). "[A]ny doubts concerning whether there has been a waiver are resolved in favor of arbitration." *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir.1995).

"The mere filing of a complaint does not constitute a waiver [because the] essential test is whether the pursuit of a remedy other than arbitration has worked substantial prejudice to the other party." *Commercial Metals Co. v. International Union Marine Corp.*, 294 F.Supp. 570, 573 (S.D.N.Y.1968) (citing *Chatham Shipping Co. v. Fertex S.S. Corp.*, 352 F.2d 291, 293 (2d Cir.1965)).[2] A waiver determination is

Admiralty actions commonly include a request for relief from a court and a request for arbitration because "where there is an arbitration clause in a contract, *in rem* proceedings serve to provide a plaintiff with security while the *in personam* claim awaits arbitration." *Thyssen*, 310 F.3d at 106. Section 8 enables a plaintiff who wins arbitration but is unable to recover against the owner of the

highly fact specific and no bright line rule is applied, but three factors are considered: "(1) the time elapsed from when the litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 229 (2d Cir.2001). Although an extensive amount of delay between the commencement of an action and request for arbitration may suggest waiver, "delay in seeking arbitration does not create a waiver unless it prejudices the opposing party." *Leadertex*, 67 F.3d at 25. Similarly, the amount of litigation that occurs before an arbitration request will result in waiver only when substantive litigation prejudices the opposing party. *See Thyssen*, 310 F.3d at 105; *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir.1993).

■ Two types of prejudice are possible: substantive prejudice and prejudice due to excessive cost and time delay. " 'Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones [its] invocation of [its] contractual right to arbitration, and thereby causes [its] adversary to incur unnecessary delay or expense.' " *Thyssen*, 310 F.3d at 105 (quoting *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir.1991)).

## III. DISCUSSION

■ Tokio Marine and Marubeni did not waive the arbitration agreement by bringing an action in this Court. The three waiver factors establish that plaintiffs are entitled to arbitrate their claim. *First*, no time elapsed from the commencement of the litigation and the time when

arbitration was requested. Arbitration was requested at the outset of litigation in the Complaint, which asks the Court to "enter an order compelling the defendants [to] submit to New York Arbitration." Compl. ¶ 21. Although the actual motion to compel arbitration was submitted five months after commencement of the action, a delay of a few months, without prejudice, is not dispositive. *See Thyssen, Inc. v. M/V Markos N*, No. 97 Civ. 6181, 1999 WL 619634, at *8 (S.D.N.Y. Aug. 16, 1999) (finding no waiver where party waited two years from the commencement of the case before seeking arbitration), *aff'd, Thyssen*, 310 F.3d at 106. As discussed below, Sanko was not prejudiced by any delay.

■ *Second*, the parties have not conducted any significant litigation in this case. No pre-trial schedule has been set nor has a trial date been determined. Consequently, the parties have not conducted extensive discovery or engaged in any trial preparation. In addition, only three pleadings have been submitted: the Complaint, Answer, and Third–Party Complaint. The extremely limited activity of filing a complaint, without more, does not suggest a waiver of the arbitration agreement. *See Eastern Fish Co. v. South Pacific Shipping Co.*, 105 F.Supp.2d 234, 240 (S.D.N.Y.2000) (finding that minimal litigation occurred where the "complaint and answer are essentially the only pleadings that have been exchanged [and][l]ittle discovery has been conducted"). The inconsequential proceedings to date have not negatively affected Sanko's legal position.

■ *Finally*, Sanko cannot show that it would be prejudiced if this dispute is arbitrated. Sanko has not suffered prejudice due to unnecessary expense or delay because there has been no delay nor costly litigation. Although Sanko may

vessel to recover against the vessel itself. *See*     *id.* at 107.

have to maintain actions against potential indemnitors in court while arbitrating with plaintiffs, forcing a party to litigate in more than one forum "is not the type of prejudice that supports a finding of waiver." *Louis Dreyfus*, 252 F.3d at 229–30 ("Prejudice does not refer to enforcing a bargained-for agreement, even where such enforcement will obligate a party to litigate in more than one forum."). Prejudice occurs when a "party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* (internal quotation marks and citations omitted). Tokio Marine and Marubeni are not seeking to relitigate any issue and Sanko is not prejudiced. Furthermore, the Complaint gave Sanko notice of the likelihood of arbitration and plaintiffs' motion does not create any "inherent unfairness" that would justify a finding of prejudice. *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997) ("[P]rejudice as defined by our cases refers to ... inherent unfairness....").[3]

## IV. CONCLUSION

For the foregoing reasons Tokio Marine and Marubeni's motion to compel arbitration and stay these proceedings is granted. A conference is scheduled in the third party action for April 4, 2003 at 4:00 p.m.

SO ORDERED.

---

**3.** Sanko also argues that this suit cannot be arbitrated because plaintiffs did not seek arbitration within the one year limitations period contained in the United States Carriage of Goods by Sea Act. *See* 46 App.U.S.C. § 1303(6) (2002). The parties dispute whether Sanko granted plaintiffs an extension of time to bring suit. Nevertheless, Sanko's time-bar defense is an issue for the arbitrators, not the Court. *See Shearson Lehman* *Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir.1991) (acknowledging "the rule that it is up to the arbitrators, not the court, to decide the validity of time-bar defenses"); *Government of India v. Cargill, Inc.*, 867 F.2d 130, 133 (2d Cir.1989); *Conticommodity Servs., Inc. v. Philipp & Lion*, 613 F.2d 1222, 1226 (2d Cir.1980); *British Ins. Co. of Cayman v. Water St. Ins. Co.*, 93 F.Supp.2d 506, 520–21 (S.D.N.Y.2000).