The Haleses assert that preparation for a jury trial is more expensive than preparation for an arbitration. In Big ValleyHome Center, Inc. v. Mullican, 774 So.2d 558, 562 (Ala. 2000), this Court found prejudice where the party seeking arbitration had waited until the eve of trial to invoke its right and the attorneys for the party opposing arbitration "had invested time and money preparing for a trial on the merits." Yet in JerichoManagement, Inc. v. Fidelity National Title Insurance Co. ofTennessee, 811 So.2d 514, 515 (Ala. 2001), this Court found no intent to abandon the right to arbitrate where the motion to compel arbitration was not made until 19 months after the action was filed. The opinion of the United States Supreme Court inAllied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265,115 S.Ct. 834, 130 L.Ed.2d 753 (1995), was not released until approximately one year after the action had been filed in Jericho Management.
In Jericho Management this Court also stated: "Moreover, even if we were to conclude that Fidelity had substantially involved itself in the litigation process, we do not believe Jericho met its burden of showing that it was substantially prejudiced." 811 So.2d at 515.
At the time of the filing of the motion to compel arbitration in Jericho Management, the case had not been set for trial. In this proceeding, even though the record does not contain the notice setting the case for trial, other documents in the record indicate that the trial was scheduled to begin in early November 2001.[4] The motion to compel arbitration was filed just one month before the trial date. The Haleses' assertions that they were substantially prejudiced in preparing for a jury trial, as opposed to arbitration, are not accompanied by any specific details. However, it is difficult to quantify such activity. I have not been away from the practice of *Page 108 
law so long as to forget that the details essential to adequate preparation for trial before a jury are more elaborate than when the trial is before the court or the case is presented to an arbitrator.
I distinguish Jericho Management on the dual grounds that it is the product of the peculiar circumstance of a change during the pendency of the action in the law governing access to arbitration and the filing of the motion to compel arbitrationbefore the case had been set for trial. Here, the law governing arbitrability was settled as of the commencement of the action and the motion to compel arbitration was filed after the case had been set for trial and just one month before the trial was scheduled to begin.
[4] The trial setting must have complied with Rule 40, Ala. R. Civ. P., which requires that parties be given at least 60 days' notice when a case is set for trial. The letter from defendant Wayne Gregory informing the court that he could not attend what he described as the scheduled trial is dated September 6, 2001. The Haleses' attorney states in his affidavit that "[a]rbitration was first raised . . . one month before the case was to be tried."