THOMPSON, Judge.
On October 3, 2002, Town & Country Property, L.L.C., and Town & Country Ford, L.L.C. (hereinafter together referred to as “Town & Country”) sued Jones-Williams Construction Co., Inc. (hereinafter “Jones-Williams”), and a number of fictitious defendants. In its complaint, Town & Country alleged claims of breach of contract, fraud, breach of warranties, negligence and wantonness, negligent and wanton hiring or supervision, and breach of fiduciary duties. The complaint indicates that the dispute arose as a result of Jones-Williams’s construction of an automobile dealership for Town & Country.
Almost two years later, on October 1, 2004,[1] Jones-Williams moved to compel arbitration. Town & Country filed an opposition to Jones-Williams’s motion to compel arbitration. The trial court conducted a hearing, and, on December 15, 2004, it entered an order denying the motion to compel arbitration. Jones-Williams timely appealed. See Rule 4(d), Ala. R.App. P. (“An order granting or denying a motion to compel arbitration is appealable as a matter of right....”). This case was transferred to this court by the Supreme Court of Alabama, pursuant to § 12-2-7(6), Ala.Code 1975.
Our supreme court has explained the parties’ burdens of proof with regard to a motion to compel arbitration as follows:
“ ‘A trial court’s duty in ruling on a motion to compel arbitration is analogous to its duty in ruling on a motion for a summary judgment. Ex parte Greenstreet, Inc., 806 So.2d 1203, 1207 (Ala.2001). The party seeking to compel arbitration has the burden of producing evidence to establish a prima facie showing that an agreement to arbitrate exists in a “contract evidencing a transaction involving commerce.” 9 U.S.C. § 2; see also Ex parte Greenstreet, 806 So.2d at 1209. Once the moving party makes that showing, the burden of persuasion shifts to the nonmovant to present “substantial evidence” of some defense to arbitration. Ex parte Greenstreet, 806 So.2d at 1209.’
“Ex parte Horton Family Housing, Inc., 882 So.2d 838, 841 (Ala.2003).”
Unum Life Ins. Co. of America v. Wright, 897 So.2d 1059, 1081-82 (Ala.2004).
In this case, the contract between the parties is a standard-form agreement generated by the American Institute of Architects (“the AIA”). The contract itself does *323 not contain an arbitration provision. Rather, the contract incorporates by reference a document, which is also a standard-form document created by the AIA, entitled “General Conditions of the Contract for Construction” (hereinafter referred to as the “ ‘general conditions’ document”). The “general conditions” document contains an arbitration provision.
We note that Town & Country contends in its brief on appeal that Jones-Williams did not authenticate the contract and the “general conditions” document containing the arbitration provision in a timely manner and, therefore, that Jones-Williams did not make a prima facie case of the existence of a valid arbitration provision. Given the facts of this case, we find that argument to be unpersuasive, and, because we affirm the trial court’s order denying the motion to compel arbitration on a different basis, we do not address that argument in detail.
After Jones-Williams presented evidence tending to establish the existence of an arbitration agreement, the burden shifted to Town & Country to present substantial evidence of a defense to the enforcement of that arbitration agreement. Unum Life Ins. Co. of America v. Wright, supra; and Ex parte Horton Family Hous., Inc., supra. Among other things, Town & Country argued, and the trial court found, that Jones-Williams had waived its right to compel arbitration.[2]
A party waives its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party that opposes arbitration. Hales v. ProEquities, Inc., 885 So.2d 100, 105 (Ala.2003); Voyager Life Ins. Co. v. Hughes, 841 So.2d 1216 (Ala.2001); and Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995). Courts must not lightly determine that there has been a waiver of a right to arbitrate, as there is a strong federal policy in favor of arbitration. Voyager Life Ins. Co. v. Hughes, 841 So.2d at 1219; and Big Valley Home Ctr., Inc. v. Mullican, 774 So.2d 558, 560 (Ala.2000). There is no rigid test for the determination of whether a party has waived its right to arbitrate a dispute; each case must be decided upon its own unique facts. Voyager Life Ins. Co. v. Hughes, 841 So.2d at 1219; and Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d at 899.
A trial court’s decision as to whether a party has waived the right to compel arbitration is reviewed de novo on appeal. Hales v. ProEquities, Inc., 885 So.2d at 104; Conseco Fin. Corp.-Alabama v. Salter, 846 So.2d 1077 (Ala.2002); Big Valley Home Ctr., Inc. v. Mullican, 774 So.2d at 560; Green Tree Fin. Corp. v. Vintson, 753 So.2d 497, 502 (Ala.1999); and Hill v. National Auction Group, Inc., 873 So.2d 244, 246 (Ala.Civ.App.2003). Our supreme court has explained:
“The [previously applied] abuse-of-discretion standard for reviewing the acceptance or rejection of the ground of waiver in a ruling by the trial court on a motion to compel arbitration can be *324 traced to Ex parte McKinney, 515 So.2d 693 (Ala.1987), which denied a petition for a writ of mandamus. In McKinney, we stated ‘ “[m]andamus itself is an extraordinary remedy, which should be granted only when there is clear showing that the trial court abused its discre-tipn.” ’ 515 So.2d at 696 (quoting Ex parte Lang, 500 So.2d 3, 5 (Ala.1986)). However, we no longer review either the grant or the denial of a motion to compel arbitration by petition for a writ of mandamus. Rather, Rule 4(d), Ala. R.App. P., effective on October 1, 2001, authorizes an appeal of an order either granting or denying a motion to compel arbitration. Thus, the mandamus abuse-of-discretion standard for ' reviewing the grant or denial of a motion to compel arbitration opposed on the ground of w’aiver is no longer applicable and is iriconsistent with our de novo standard of review in appeals from the grant or dénial of a motion to compel arbitration. Ex parte Roberson, [749 So.2d 441 (Ala.1999) ].
“Moreover, ‘a finding that a party has waived its right to arbitration is a legal conclusion.’ Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1159 (5th Cir.1986). Accord Menorah Ins. Co., Ltd. v. INX Reinsurance Corp., 72 F.3d 218 (1st Cir.1995); MidAmerica Fed. Sav. & Loan Ass’n v. Shearson/American Exp., Inc., 886 F.2d 1249 (10th Cir. 1989); D.M. Ward Constr. Co. v. Electric Corp. of Kansas City, 15 Kan.App.2d 114, 803 P.2d 593 (1990); In re Bruce Terminix Co., 988 S.W.2d 702 (Tex.1998); Chandler v. Blue Cross Blue Shield of Utah, 833 P.2d 356 (Utah 1992); Steele v. Lundgren, 85 Wash.App. 845, 935 P.2d 671 (1997). ‘Legal cdnclusions are never accorded a pre-súmption of correctness on appellate review.’ Ex parte Cain, 838 So.2d 1020, 1026 (Ala.2002). Accord Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994).
“Additionally, in most cases, the trial court grants or denies a motion to compel arbitration or decides the waiver of the right to compel arbitration on the submission of written evidentiary materials ■ without ore tenus testimony. Therefore, ‘the trial court is in no better — or different — position than this Court to decide the legal significance of a party’s 'conduct.’ Karl Storz Endoscopy-America, Inc. v. Integrated Med. Sys., Inc., 808 So.2d [999], 1008 [(Ala.2001) ]. Accordingly, absent the consideration of disputed ore tenus evidence, the grant or denial of a motion to compel arbitration opposed on the ground of waiver is subject to a de novo review on appeal. Id. Accord Restoration Pres. Masonry, Inc. v. Grove Europe, Ltd., 325 F.3d 54 (1st Cir.2003); Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102 (2d Cir.2002); Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250 (4th Cir.1987); Gulf Guaranty Life Ins. Co. v. Connecticut Gen. Life Ins. Co., 304 F.3d 476 (5th Cir.2002); Frye v. Paine, Webber, Jackson & Curtis, Inc., 877 F.2d 396 (5th Cir.1989); Iowa Grain Co. v. Brown, 171 F.3d 504 (7th Cir.1999); Dumont v. Saskatchewan Gov’t Ins., 258 F.3d 880 (8th Cir.2001); Fisher v. AG. Becker Paribas, Inc., 791 F.2d 691 (9th Cir.1986).”
Hales v. ProEquities, Inc., 885 So.2d at 104.
In this case, Jones-Williams designated only portions of the trial court’s record for inclusion in the record on appeal. Town & Country did not seek, pursuant to Rule 10(f), Ala. R.App. P., to supplement the record on appeal to include the pleadings and discovery motions that were not included by Jones-Williams in its designation of the record on appeal. In *325 another case in which the issue concerned whether the parties seeking to compel arbitration had substantially invoked the litigation process so as to constitute a waiver of the right to arbitrate, our supreme court relied on a case action summary to set forth the amount of discovery conducted in that case before the defendants moved to compel arbitration. See Ex parte Bentford, 719 So.2d 778 (Ala.1998), overruled on other grounds by Green Tree Fin. Corp. of Alabama, supra (writ of mandamus issued to order the trial court to vacate its order compelling arbitration where the defendants had moved to compel arbitration at least two years after the filing of the complaint and had filed numerous motions, conducted some discovery, and attended two hearings and three scheduling conferences). Therefore, in addition to the pleadings and discovery items included by Jones-Williams in the record on appeal, we rely heavily on the case action summary in resolving this issue.
The record indicates that Town & Country served Jones-Williams with its complaint and its first request for production in October 2002. In November 2002, Jones-Williams filed an answer, interrogatories, and a request for production, and three notices of depositions. In late 2002 and early 2003, each party filed motions to compel responses to their discovery requests. On February 9, 2003, the trial court entered a notation on the case action summary indicating that the parties had reached an agreement regarding the pending discovery requests and finding that the parties’ motions to compel were moot.
On April 28, 2003, counsel for Jones-Williams sent to Town & Country’s counsel a letter stating, in pertinent part, “[ijt.is my understanding that we have agreed to exchange initial paper discovery without either party waiving its rights to compel arbitration.” In response, on May 9, 2003, counsel for Town & Country sent a letter to counsel for Jones-Williams that stated, in pertinent part:
“I am writing to clarify our understanding concerning Jones-Williams’s' right to compel arbitration. As I said on the telephone, I believe [Jones-Williams’s previous attorney] engaged in a number of activities which waived the right to compel arbitration long ago. However, I agree to receive discovery from your office without such conduct constituting ‘additional’ evidence of waiver. If Jones-Williams moves to compel arbitration, I will object on a number of grounds, but I do not intend to raise your answers to discovery in connection therewith.”
At some point after the parties’ attorneys exchanged those letters, Jones-Williams filed a motion to compel Town & Country’s response to its discovery requests. On September 24, 2003, the trial court entered an order granting that motion to compel and ordering Town & Country to comply with Jones-Williams’s discovery requests.
In February 2004, Town & Country filed a notice of its intention to take the video deposition of “Jones-Williams Construction Co.” Jones-Williams objected to that notice of deposition, and the trial court, on March 15, 2004, entered a notation on the case action summary overruling that objection. Thereafter, the parties exchanged at least 12 letters and 1 transmission via facsimile concerning the parties’ dispute regarding the taking of that deposition. That correspondence took place between April 1, 2004, and October 8, 2004, and it indicates that the video deposition was rescheduled on several occasions. Also during the time that the parties exchanged that correspondence, Town & Country moved to compel Jones-Williams’s attendance at that video deposition. On July 19, 2004, the trial court entered an order on *326 the case action summary requiring Jones-Williams to appear at that deposition within 60 days of that order. However, it does not appear from the record that that video deposition was conducted.
The trial court noted in its order denying Jones-Williams’s motion to compel arbitration that during the pendency of Town & Country’s action against Jones-Williams, the case was scheduled for trial on five separate occasions. Also, Town & Country presented evidence that it had expended $18,500 in attorney fees in the litigation pending in the trial court.
In Hales v. ProEquities, Inc., supra, the defendant moved to compel arbitration two years after the filing of the plaintiffs’ complaint. During the two years before it filed its motion to compel arbitration, the defendant had noticed depositions, had conducted those depositions, and had made requests for the production of documents. The defendant also failed to object to a trial setting until one month before the scheduled trial date. The trial court entered an order requiring the plaintiffs to arbitrate. However, our supreme court, applying the de novo standard of review, reversed, concluding that the .defendant had waived its right to compel arbitration. Hales v. ProEquities, Inc., supra.
In Big Valley Home Center, Inc. v. Mullican, supra, Big Valley, one of two defendants in that action, moved to compel arbitration more than two years after the plaintiff had filed her complaint. In that case, Big Valley had filed an answer to the plaintiffs complaint, “attended a scheduling conference, participated in discovery, and filed a notice of service of discovery documents.” Big Valley Home Ctr. v. Mullican, 774 So.2d at 562. Also during the time before Big Valley filed its motion to compel arbitration, “the plaintiff was deposed, two judges recused, the trial was continued five times, and a settlement offer was made to the plaintiff.” Id. Applying the de novo standard of review, 774 So.2d at 560, our supreme court affirmed the trial court’s denial of Big Valley’s motion to compel arbitration. In reaching its holding, our supreme court determined that because of her investment of time and money in preparing for the trial, the plaintiff would be prejudiced if she were required to arbitrate. Big Valley Home Ctr., Inc. v. Mullican, 774 So.2d at 562.
In its brief on appeal, Jones-Williams cites Mutual Assurance, Inc. v. Wilson, 716 So.2d 1160 (Ala.1998). That case involved a contract dispute between an insured and his insurer. The insurer filed a declaratory-judgment action seeking an order compelling arbitration; it also answered the insured’s counterclaim and propounded 21 interrogatories, most of which concerned the issue of the arbitrability of the dispute. Our supreme court reversed the trial court’s order denying the insurer’s motion to compel arbitration. In reaching its holding, our supreme court stated, among other things, that
“[t]he mere act of filing a declaratory judgment action for the purpose of determining the issue of arbitrability does not, as a matter of law, constitute a waiver of one’s right to arbitrate. Furthermore, merely engaging in limited discovery, most of which was directed toward the arbitration issue, has been held insufficient, without more, to constitute a waiver. Ex parte Merrill Lynch, Pierce, Fenner & Smith, [494 So.2d 1 (Ala.1986) ].”
Mutual Assurance, Inc. v. Wilson, 716 So.2d at 1165.
In support of its argument that Town & Country did not present sufficient evidence indicating that it would be substantially prejudiced by what Jones-Williams calls its “alleged substantial invocation of the litigation process,” Jones-Williams cites *327 Conseco Finance Corp.-Alabama v. Salter, supra. However, Jones-Williams relies on that authority only for the general proposition that a party opposing a motion to compel arbitration must demonstrate such prejudice. In fact, Conseco does not address the element of prejudice to the party opposing arbitration.
In Hales v. ProEquities, Inc., supra, our supreme court discussed the element of prejudice to the party that opposes arbitration as follows:
“ ‘Prejudice [sufficient to rise to the level necessary for a waiver of the right to arbitrate] has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate. Morewitz v. West of England Ship Owners Mut. Protection & Indem. Ass’n, 62 F.3d 1356, 1366 (11th Cir.1995). ‘Sufficient prejudice to infer waiver might be found, for example, if the party seeking the stay [for arbitration] took advantage of judicial discovery procedures not available in arbitration.’ Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 n. 7 (2d Cir.1968).”
Hales v. ProEquities, Inc., 885 So.2d at 105-06.
In its brief on appeal, Jones-Williams cites Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986). The facts of that case, however, are distinguishable from those of this action. In response to the plaintiffs complaint and within three months of the plaintiffs decision to opt out of a pending federal class action, the defendants in Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., supra, filed only a motion to compel arbitration and a motion to stay the trial court proceedings. The trial court denied both motions. Our supreme court granted the defendants’ petition for a writ of mandamus directing the trial court to enter an order granting the motion to compel arbitration and to stay the pending litigation. Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., supra. The court determined that under the facts of that case, the defendants’ three-month delay in moving to compel arbitration did not cause the plaintiff to suffer any prejudice. Id.
In this case, Jones-Williams moved to compel arbitration almost two years after Town & Country had filed its complaint. In the months following the filing of the complaint, Jones-Williams answered the complaint, filed interrogatories and requests for production, and filed a motion to compel Town & Country’s response to its discovery requests. In February 2003, the parties' resolved one discovery dispute. Also, according to the trial court’s order denying Jones-Williams’s motion to compel arbitration, Jones-Williams “answered a docket call as to trial settings in this case six times.”
Jones-Williams argues that as of April 2003 Town & Country was aware of the possibility that it might move to compel arbitration and that Town & Country and Jones-Williams “agreed” to exchange further discovery without that exchange of discovery constituting a waiver of Jones-Williams’s right to seek arbitration. Town & Country’s position at the time of that April 2003 “agreement” was that Jones-Williams had already waived its right to compel arbitration by its invocation of the litigation process. After the purported April 2003 “agreement,” Town & Country made numerous discovery requests, Jones-Williams repeatedly failed to comply with those discovery requests, and the trial court entered two orders compelling Jones-Williams’s attendance at a deposition. Whether the purported “agreement” is enforceable and whether the events that occurred after April 2003 can all be said to *328 fall within the “agreement” are issues that need not be addressed for the purposes of resolving this appeal. Even assuming that the “agreement” is enforceable and that the events after April 2003 all fell within the terms of that “agreement,” Jones-Williams waited over a year and a half after it informed Town & Country that it was considering enforcing its right to arbitrate to actually move to compel arbitration. During that year and a half, if Town & Country had not continued to engage in discovery and proceed with its preparations for the litigation pending in the trial court, its action might have been subject to a dismissal for want of prosecution. Further, Town & Country presented evidence indicating that at the time it filed its opposition to the motion to compel arbitration, it had already. expended $18,500 in attorney fees in maintaining the action in the trial court. Those costs are precisely the “ ‘types of litigation expenses that arbitration was designed to alleviate.’ ” Hales v. ProEquities, Inc., 885 So.2d at 106 (quoting Morewitz v. West of England Ship Owners Mut. Protection & Indem. Ass’n, 62 F.3d 1356, 1366 (11th Cir.1995)). Jones-Williams has offered no explanation for its one-and-a-half-year delay in moving to compel arbitration after it informed Town & Country that it was considering seeking to enforce the arbitration provision.
Given the facts of this case, we must conclude that the trial court did not err in determining that Jones-Williams had substantially invoked the litigation process and that Town & Country was substantially prejudiced. Therefore, the trial court correctly denied Jones-Williams’s motion to compel arbitration on the basis that Jones-Williams had waived its right to arbitrate. A trial court’s judgment may be affirmed on any correct basis. See Mutual Assurance, Inc. v. Wilson, supra, and Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238 (Ala.1992) (both standing for the proposition that an appellate court will affirm a judgment that is correct for any reason). Because we have affirmed the trial court’s judgment on the basis of waiver, we do not address the other issues raised in Jones-Williams’s brief on appeal.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.

. The date stamp on Jones-Williams’s motion to compel arbitration actually reads "September 31, 2004.” There is no such date; therefore, that date stamp is clearly a mistake. It appears that the motion to compel arbitration was actually filed on October 1, 2004.

. The trial court cites, as reasons for its determination that Jones-Williams had waived its right to compel arbitration, the following: that the parties had conducted discovery; that the case had been placed on the trial docket on six separate occasions; that the motion to compel arbitration was filed almost two years after Town & Country had filed its complaint; that Jones-Williams failed to raise arbitration as an affirmative defense; that Town & Country had expended $18,500 in legal fees; and that Jones-Williams had waived the right to compel arbitration by participating in third-party practice. This opinion should not be interpreted as determining the propriety of any of the grounds cited by the trial court other than the one addressed in this opinion.